IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALLEN BISHOP                                                                                          PLAINTIFF

V.                                                  NO.  13-2053

PATRICIA DAVIS                                                                                     DEFENDANT

MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Before the Court is the Defendant's Motion to Dismiss (ECF No. 10) filed May 22, 2013 and the Plaintiff's Motion to Amend (ECF No 15) filed June 17, 2013 and Motion to Change Venue (ECF No. 18) filed June 20, 2013.  The matters were referred to the undersigned on June 20, 2013 by text order and are now ready for Report and Recommendation.

### Background

The Plaintiff filed the current action on February 19, 2013 (ECF No. 1) against PATRICIA DAVIS and the HUD Office.  The essence of the Plaintiff's complaint is that, after signing a one year lease, the Plaintiff  was evicted by his landlord because he and the landlord argued over the condition of his apartment and when the rent was due. (Id., p. 6). It appears that Mr. Bishop then requested "another Request for inspection form" so that he could "find another apt." (Id.).  PATRICIA DAVIS allegedly refused to provide the Plaintiff with another Request for Inspection form or apartment voucher and he claims as a result he "paid full rent for three months" although he "still qualified for HUD and had not violated any of their rules". (Id.).

### Discussion:

**A.  Motion to Amend:**

The Plaintiff moves to amend his complaint to include the Fort Smith Housing Authority ("FSHA").  (ECF No. 15).

The web site for FSHA states that the FSHA "is a public corporation, legally and fiscally independent from state and local government" (http://www.fortsmithhousing.org/ AboutUs.aspx).  The page goes on to state that "Grants and operating funds are received annually from the U.S. Department of Housing and Urban Development (HUD)" and that "FSHA also administer the federal housing subsidy program know as "Section 8," making it possible for very low income residents to live in affordable rental housing". (Id.). The web page also states that the FSHA "issues Housing Choice Vouchers (voucher) to families that meet income guidelines established by HUD. Utilizing their voucher, the families pay approximately 30% to 40% of their adjusted income towards rent and utilities and FSHA pays the difference". (http://www.fortsmithhousing.org /Section8.aspx).

Clearly the FSHA is a necessary party and the Motion to Amend should be GRANTED.

**B.  Motion for Change of Venue:**

The Plaintiff has articulated no bases for a change of Venue.  The court recommends the Motion for Change of Venue be DENIED.

**C.  Motion to Dismiss**

The Defendant has filed a Motion to Dismiss as to PATRICIA DAVIS.  Ms. Davis was sued in her official and her individual capacity (ECF No. 1, p. 4) and, while the Plaintiff's complaint is not artfully drawn, the court must consider it liberally. See *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding a pro se complaint must be liberally construed); *See also Smith v. Hundley*, 190 F. 3d 852, 855 quoting *Miles v. Ertl Co.*, 722 F.2d 434, 434 (8th Cir.1983) (pro se pleadings must be liberally construed; see also Fed.R.Civ.P. 8(f) ("all pleadings shall be so construed as to do substantial justice"). See *also  Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985) ( "Although it is to be liberally construed, a pro se complaint

must contain specific facts supporting its conclusions.").

The HUD web page states that "the housing choice voucher program is the federal government's major program for assisting very low-income families, the elderly, and the disabled to afford decent, safe, and sanitary housing in the private market. Since housing assistance is provided on behalf of the family or individual, participants are able to find their own housing, including single-family homes, townhouses and apartments." (http://portal.hud.gov/hudportal/HUD?src=/topics/housing_choice_voucher_program_section_8); 42 U.S.C.A. §1437f(a).

Interpreting the Plaintiff's pleadings liberally he seems to assert that his Rent Voucher was illegally terminated and re-issuance withheld without proper authority. Federal Law requires that the lease be for a term of one year (42 U.S.C.A. §1473f(d)(B)(I)) and that "during the term of the lease, the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause..." ((42 U.S.C.A. §1473f(d)(B)(ii)).  The law also provides that "any termination of tenancy shall be preceded by the owner's provision of written notice to the tenant specifying the grounds for such action;"  ((42 U.S.C.A. §1473f(d)(B)(iv)).

The Plaintiff contends that his landlord did not lawfully terminate his lease and that Ms. Glover exercised complicity in that unlawful termination and that she would not issue the necessary paperwork to allow him to obtain further housing assistance.

1. Capacity:

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities.  In *Gorman v. Barth*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362.

*Gorman*, 152 F.3d at 914.

The Eighth Circuit has advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). *See also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999)(In actions against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to personal liability).

In this case the Plaintiff has specifically sued PATRICIA DAVIS in both her Individual and her Official Capacity. (ECF No. 1, p. 4). Even if the FSHA had immunity that would not shield the Defendant from an intentional violation. Government officials have qualified immunity from suit if their conduct does not violate clearly established constitutional rights of which a reasonable person should have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The issue of whether PATRICIA DAVIS has qualified immunity is fact driven and would require additional evidence presented to the court.

    2. Sovereign Immunity:

The Defendant argues that they are immune from suit because of Sovereign Immunity. (ECF No. 11, p. 2). The Eleventh Amendment immunizes an un-consenting State from damage

actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action. *See generally Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Section 1983 does not override Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989), construing *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

On the other hand, Eleventh Amendment immunity does not extend to independent political subdivisions created by the State, such as counties and cities. *See Lincoln County v. Luning,* 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890). The issue is whether FSHA "is to be treated as an arm of the State ... or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend." *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977) (holding that Ohio local school districts are like political subdivisions and therefore not immune). Eleventh Amendment immunity questions tend to be difficult and very fact specific. *Hadley v. North Arkansas Community Technical College* 76 F.3d 1437, 1438 (C.A.8 (Ark.),1996) and important factors to consider may be Local Control and effect upon the state treasury. A narrow majority of the Supreme Court held that exposure of the state treasury is a more important factor than whether the State controls the entity in question. *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994).

There is no evidence before the court to determine the amount of control that the state exercised over the FSHA or the effect of any award of damages upon the state treasury.

**Conclusion:**

For the reason stated above the court recommends that:

The Plaintiff's Motion to Amend (ECF No. 15) be GRANTED;

The Plaintiff's Motion for Change of Venue (ECF No. 18) be DENIED;

The Defendant's Motion to Dismiss (ECF No. 10) be DENIED

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE